TERRA VERDE REAL ESTATE, LLC,
a Florida limited liability company, and
PARAGON DEVELOPMENT GROUP, LLC,
a Florida limited liability company,

     Plaintiffs,

v.                          Case No. _____

ADMIRAL INSURANCE COMPANY,
a Delaware corporation,

     Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT & BREACH OF CONTRACT

1.     This is an action for declaratory relief under 28 U.S.C. § 2201 and for breach of contract arising from Defendant Admiral Insurance Company's (**"Admiral"**) wrongful refusal to defend Plaintiff Terra Verde Real Estate, LLC (**"Terra Verde"**), as an additional insured and as an indemnitee under commercial general liability Policy No. FEI-EIL-13650-11 (the **"Policy"**), issued by Admiral to Plaintiff Paragon Development Group, LLC (**"Paragon"**), in a litigation styled *Gomez Sanchez, et al. v. Paragon Development Group, LLC, et al.*, Case No. 24-CA-009096, which is pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (the **"Underlying Action"**).

1

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, based on the anticipated legal fees and costs incurred in defending Terra Verde in the Underlying Action, exclusive of interest and costs, and is between citizens of different states.

3. Terra Verde is a Florida limited liability company whose sole member, Edwin Walpole IV ("**Walpole**"), is a citizen and domiciliary of Florida.

4. Paragon is a Florida limited liability company whose sole member, Walpole, is likewise a citizen and domiciliary of Florida.

5. Admiral is a corporation organized under the laws of Delaware, with its principal place of business in either Scottsdale, Arizona or Moorestown, New Jersey.

6. Venue is proper in this Division under 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred in Hillsborough County, Florida.

7. An actual, present, justiciable controversy exists between Terra Verde, Paragon, and Admiral concerning Admiral's duty to defend Terra Verde in the Underlying Action under the Policy, and concomitant breach of contract.

## THE PARTIES, THE PROPERTY, AND THE LEASE

8. Terra Verde owns real property located at 402 N. Frontage Road, Plant City, Florida (the "**Property**"). Terra Verde leased the Property to Paragon pursuant to a Commercial Lease Agreement dated November 15, 2015 (the "**Lease**").

9. At all material times, Paragon operated a waste transfer station at the Property.

10. Paragon is the First Named Insured under the Policy.

11. Admiral is currently defending Paragon in the Underlying Action.

12. Admiral issued the Policy to Paragon for the policy period February 13, 2024 to February 13, 2025. The Policy includes a commercial general liability ("**CGL**") coverage part and an endorsement titled "Automatic Additional Insured — Owners, Lessees or Contractors," Form ECC-319-0712 (the "**Additional Insured Endorsement**").

13. The Underlying Action arises from the death of Vicente Gomez Ruiz on July 8, 2024. Mr. Gomez Ruiz was struck and killed by falling construction debris during a loading operation at the waste transfer station located on the Property. An individual named Laura Patricia Gomez Sanchez has also brought a claim for negligent infliction of emotional distress. Liability is denied.

14. The operative pleading in the Underlying Action is the Second Amended Complaint ("**SAC**") filed on or about April 1, 2026.

15. The SAC names Terra Verde in Counts XV and XVI and Walpole individually in Counts XVII and XVIII.

16. As discussed below, the SAC's allegations against Terra Verde—which survived a motion to dismiss in the Underlying Action—contain sprawling

allegations that seek to impose liability upon multiple species of vicarious liability, as well as allegations that blur, straddle, or attempt to obliterate the line between direct negligence and vicarious liability — the very line on which Admiral's coverage denial depends.

## RELEVANT ALLEGATIONS IN THE SAC

17. The SAC alleges that Walpole "was the sole member, sole owner, and managing member of both Terra Verde Real Estate and Paragon," was present at and actively managed both companies at the Property on a daily basis, and was the active and ultimate manager of both entities. SAC ¶ 21.

18. The SAC alleges that Terra Verde and Paragon both operated from the Property and shared the same principal address. SAC ¶ 22.

19. The SAC alleges that Terra Verde was run by Walpole as an owner-operator LLC with zero employees. SAC ¶ 138.

20. The SAC alleges that "industry standards within the waste management industry and Paragon's active Operations Plan/Maintenance Plan required the following ... of Paragon, Terra Verde Real Estate, and Mr. Walpole." SAC ¶ 39.

21. The SAC alleges that "Paragon, Terra Verde Real Estate, and Mr. Walpole failed in the following manners ... which led to the Subject Incident." SAC ¶ 43.

22. The SAC alleges identical breach language against Paragon, Terra Verde, and Walpole. Specifically, Terra Verde's alleged breach — "failing to install or otherwise erect safety barriers between loading and unloading bays" (SAC ¶ 142) — is word-for-word identical to the breach alleged against Paragon (SAC ¶ 126) and against Walpole individually (SAC ¶ 156).

23. The SAC alleges that Terra Verde and Walpole "knew or should have known that an inherently dangerous condition existed at the Waste Transfer Station." SAC ¶¶ 140, 154.

24. The SAC alleges that "Terra Verde Real Estate owed a non-delegable legal duty to business invitees, including Mr. Gomez Ruiz and Ms. Gomez Sanchez, to use ordinary care in maintaining the Subject Premises in a reasonably safe condition." SAC ¶ 141. An identical allegation is made against Walpole. SAC ¶ 155.

25. The SAC alleges that Walpole "transferred or positioned the North Frontage Road Property into Terra Verde Real Estate and transferred or positioned the potentially liability incurring Waste Transfer Station operation into Paragon — a separate entity — in an effort to shield his primary real estate asset from the significant liabilities that could be incurred via the operation of a waste transfer station open to the general public." SAC ¶ 25.

26. The SAC's allegation that Terra Verde had zero employees (SAC ¶ 138) presumably means that every act of Terra Verde had to occur through Walpole.

## THE ADDITIONAL INSURED ENDORSEMENT AND LEASE

27. Lease § 13.1 required Paragon to procure and maintain CGL insurance coverage and to include the Landlord — Terra Verde — as an additional insured on the CGL policy.

28. Lease § 13.2 separately obligates Paragon to indemnify, defend, and satisfy any judgments against Terra Verde arising from Paragon's use or occupancy of the Property.

29. The Lease is an "insured contract" under the Policy's CGL coverage form, satisfying both Definition 9.a (lease of premises) and Definition 9.f (assumption of tort liability of another party to pay for bodily injury to a third person).

30. The Additional Insured Endorsement provides that an additional insured is covered for "vicarious liability arising out of [Paragon's] ongoing operations."

31. Terra Verde qualifies as an additional insured because the Lease, a written contract, requires Paragon to name Terra Verde as an additional insured.

32. The Policy provides that Admiral has a duty to defend the insured against any suit seeking covered damages, and under Florida law, this duty stands even where the factual and legal contentions in the suit are groundless, false, or fraudulent.

**SUPPLEMENTARY PAYMENTS**

33. In addition, the Policy contains a Supplementary Payments provision that independently triggers a defense obligation for indemnitees such as Terra Verde.

34. Admiral owes Terra Verde a defense under the Supplementary Payments provision of the CGL coverage part (CG 00 01 12 04), Section "Supplementary Payments — Coverages A and B," Paragraph 2. That provision independently requires Admiral to defend an insured's indemnitee when specified conditions are met. Those conditions have been satisfied.

**CLAIM DENIAL**

35. On May 14, 2026, Admiral issued a complete denial of coverage titled "Response to Additional Insured Tender." Admiral's denial focused on the Additional Insured Endorsement and whether a standalone vicarious-liability count had been pled in the SAC. Admiral did not address, mention, or analyze the Supplementary Payments provision in any respect. On the same date, Admiral's coverage counsel, Fay E. Ryan, Esq., of Butler Weihmuller Katz Craig LLP, provided a supplemental explanation that likewise addressed only the Additional Insured Endorsement and cited to *Tokio Marine Specialty Ins. Co. v. Clear Blue Specialty Ins. Co.*, 812 F. Supp. 3d 1271 (S.D. Fla. 2025). Specifically, Ms. Ryan stated: "Admiral considered your argument that the facts alleged in the complaint sue Terra Verde for Paragon's conduct. Even if correct, under Florida law, that would

7

be insufficient to trigger an Additional Insured Endorsement that defines an Additional Insured as a party sued for its 'vicarious liability' for the Named Insured's conduct." Ms. Ryan's supplemental explanation again did not mention Supplementary Payments.

36. On June 10, 2026, counsel for Paragon and Terra Verde sent a second written correspondence to Admiral's claims adjuster, Georgiann Quattrochi, at North American Risk Services, expressly noting that "Admiral has not addressed the request for a defense of Terra Verde as part of Supplementary Payments coverage."

37. The June 10, 2026 correspondence contained a "renewed joint request by Paragon and Terra Verde for Admiral to conduct and control the defense of Terra Verde in Case No. 24-CA-009096 (the 'Suit') using the same counsel." This language tracks verbatim the requirements of Supplementary Payments Paragraph 2.e, which requires the indemnitee and the insured to ask the insurer to conduct and control the defense and agree that the insurer can assign the same counsel to defend the insured and the indemnitee.

38. The June 10, 2026 correspondence further contained "Terra Verde's agreement in writing to any and all conditions set forth in SUPPLEMENTARY PAYMENTS — COVERAGES A AND B, 2. f. (1)," including: (a) cooperation with Admiral in the investigation, settlement, or defense of the Suit; (b) the immediate transmission of demands, notices, summonses, or legal papers received in

connection with the Suit; (c) notification of any other insurer whose coverage is available to Terra Verde; and (d) cooperation with Admiral with respect to coordinating other applicable insurance available to Terra Verde.

39. The June 10, 2026 correspondence also contained "Terra Verde's express authorization to Admiral to obtain records and other information related to the Suit, and for Admiral to conduct and control the defense of Terra Verde, as set forth in SUPPLEMENTARY PAYMENTS — COVERAGES A AND B, 2. f. (2)."

40. Admiral has not responded to the June 10, 2026 correspondence with respect to Supplementary Payments, except to state that coverage would not be provided through informal email.

41. As a direct and proximate result of Admiral's wrongful refusal to defend, Terra Verde has incurred substantial attorneys' fees, costs, and defense expenses in the Underlying Action, including work on responsive pleadings, motion practice, discovery, hearings, and all other defense activity required because Admiral refused to provide the promised defense.

42. Terra Verde has also incurred attorneys' fees and costs in tendering its defense, pressing Admiral to honor the Supplementary Payments provision, and prosecuting this coverage action.

43. Paragon has been damaged by Admiral's breach because Admiral's refusal to defend Terra Verde under Supplementary Payments forces Paragon to bear,

9

through its shared counsel and shared principal, defense costs that Admiral is contractually obligated to pay. Paragon's damages include the defense costs attributable to Terra Verde's defense in the Underlying Action that would have been paid as Supplementary Payments but for Admiral's breach.

44. All conditions precedent to the maintenance of this action have occurred or been waived.

45. Paragon and Terra Verde have hired the undersigned counsel to defend their interests in the Underlying Action, as well as to prosecute this declaratory judgment action subsequent to Admiral's complete denial of coverage.

## COUNT I — DECLARATORY JUDGMENT (ADDITIONAL INSURED DUTY TO DEFEND)

46. Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

47. An actual controversy exists concerning whether Admiral owes Terra Verde a duty to defend under the Additional Insured Endorsement. The Endorsement covers Terra Verde's vicarious liability arising out of Paragon's ongoing operations. The SAC, fairly and liberally construed, alleges facts that at least potentially expose Terra Verde to derivative, technical, imputed or other species of vicarious liability arising out of Paragon's ongoing operations.

48. Terra Verde is entitled to a declaratory judgment acknowledging this obligation.

<u>**COUNT II — DECLARATORY JUDGMENT (SUPPLEMENTARY PAYMENTS / INDEMNITEE DEFENSE)**</u>

49. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraph Nos. 1 through 45 as if fully set forth herein.

50. An actual controversy exists concerning whether Admiral owes Terra Verde a defense under the Supplementary Payments provision. Paragon, as the Named Insured under the Policy, independently has standing to enforce the Supplementary Payments provision on behalf of its indemnitee and to vindicate its own contractual right to have Admiral bear the cost of defending Terra Verde.

51. All conditions precedent to coverage under Supplementary Payments Paragraph 2 are satisfied.

52. Admiral therefore owes Paragon's indemnitee, Terra Verde, a separate, independent defense under Supplementary Payments.

<u>**COUNT III — BREACH OF CONTRACT (FAILURE TO DEFEND)**</u>

53. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraph Nos. 1 through 45 as if fully set forth herein.

54. The Policy is a valid and enforceable contract. Terra Verde is an additional insured and indemnitee under the Policy. Paragon is the First Named Insured. Admiral owed Terra Verde a duty to defend under both the Additional Insured Endorsement and the Supplementary Payments provision.

55. Admiral breached those obligations by denying Terra Verde's tender, refusing to appoint defense counsel, ignoring the independent Supplementary Payments basis for defense despite two express demands and the provision of written compliance with every condition, and forcing Terra Verde and/or Paragon to fund Terra Verde's defense. Plaintiffs are entitled to recover all resulting damages, including past and future defense costs, consequential damages, fees and costs incurred in prosecuting this action to the extent recoverable, and all other relief authorized by Florida law.

## DEMAND FOR JURY TRIAL

Paragon and Terra Verde hereby request a jury trial on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Terra Verde Real Estate, LLC and Paragon Development Group, LLC respectfully request that this Court enter judgment in their favor and against Defendant Admiral Insurance Company, and grant the following relief:

A. A declaratory judgment that Admiral owes Terra Verde a duty to defend in the Underlying Action under the Additional Insured Endorsement;

B. A declaratory judgment that Admiral owes Terra Verde a duty to defend in the Underlying Action under the Supplementary Payments provision;

C.    An award of damages for breach of the duty to defend, including all reasonable attorneys' fees and defense costs incurred in the Underlying Action;

D.    An award of attorneys' fees pursuant to Fla. Stat. § 86.121(1)(b) in the event Terra Verde and/or Paragon prevail in this action.

E.    An award of pre-judgment interest, post-judgment interest, and taxable costs as allowed by law;

F.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**/s/ Matthew S. Garnett**
**MATTHEW S. GARNETT**
Florida Bar No. 27795
MatthewG@BLHTLaw.com
MarjorieP@BLHTLaw.com
Eservice@BLHTLaw.com
**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS, PLLC**
1001 Water Street, Suite 475
Tampa, Florida 33602
Telephone: (813) 223-3888
Attorneys for Plaintiffs
Lead Trial Counsel